**Kelmend BUJAJ, Xhevahir Bujaj,[1] Petitioner,**

**v.**

**Alberto R. GONZALES, Respondent.**

**No. 05–3873–ag.**

United States Court of Appeals, Second Circuit.

June 2, 2006.

Linda C. Flanagan, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Lance Duke, Assistant United

---

**1.** We amend the official caption to reflect the petitioners' names as spelled on the petition for review and certified administrative record.

**140**

States Attorney, Corpus Christi, TX, for Respondent.

Present: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 2nd day of June, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Kelmend Bujaj and Xhevahir Bujaj, through counsel, petition for review of the BIA's June 30, 2005 decision affirming Immigration Judge ("IJ") Philip L. Morace's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). This Court reviews the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

■ The IJ denied Kelmend Bujaj's asylum claim because he failed to prove that he filed his application within one year of entry into the United States or that exceptional circumstances prevented him from filing a timely application. The plain language of 8 U.S.C. §§ 1158(a)(3) and 1252(a)(2)(D) confers jurisdiction on this Court to review only constitutional claims or questions of law relating to the one-year bar. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 151–52 (2d Cir.2006). In this case, Kelmend argues only that the IJ failed to give weight to his supporting documents in making the one-year bar finding. Because the weighing of evidence is highly discretionary, *see id.* at 164, this argument is neither a constitutional claim nor a question of law, and this Court lacks jurisdiction over the one-year bar finding. *See id.* at 154 (holding that this Court has no jurisdiction to evaluate factual or discretionary determinations relating to the one-year bar).

■ As for the remaining claims, we find that the IJ's adverse credibility determination is supported by substantial evidence. Although we are hesitant to fault Xhevahir for the inconsistent testimony of his brother regarding the incidents of June 2001, the remaining factors relied on by the IJ were reasonable and directly related to the main issues in each of the petitioners' claims. Particularly, the IJ noted that both petitioners failed to mention anything about being beaten in October 2000, despite their inclusion of this information in their asylum applications. Xhevahir's testimony explaining that no beatings occurred on October 1, 2000 renders his account particularly incredible, considering his supplemental affidavit, stating that he and his brother were beaten on this day and emphasizing that he "thought that this information was written in [his] application and [he] now tak[es] this opportunity to clearly state this information in writing." As a result, we find that remand is not required because it can be "confidently predicted" that the IJ would have reached the same conclusion absent any error-based grounds. *See id.* at 162.

Moreover, because each of the applicant's withholding of removal and CAT claims were based on the same facts as their asylum claims, the IJ reasonably denied those claims on adverse credibility grounds. *See Xue Hong Yang v. Gonzales,* 426 F.3d 520, 523 (2d Cir.2005) (holding that an adverse credibility finding can properly "bleed over" into an applicant's withholding of removal and CAT claims if they are based on the same facts as the asylum claim).

Accordingly, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.